BARBADORO, District Judge,
concurring in part and dissenting in part.
I agree with the majority that the applicability of the § 1 exemption is a threshold matter for the district court to decide. Where we part company is at the point where the majority decides to take on the difficult issue as to whether transportation-worker agreements that purport to create independent-contractor relatiom ships are exempt from the Federal Arbitration Act. That, in my view, is an issue we need not decide now. Instead, if it ultimately proves necessary to determine whether the § 1 exemption covers all such independent-contractor agreements, the district court should do so in the first instance with the benefit of more in-depth briefing and a fully developed factual record.
*25 The scope of the § 1 exemption comes before us on what amounts to an interlocutory appeal. See Omni Tech Corp. v. MPC Sols. Sales, LLC, 432 F.3d 797, 800 (7th Cir. 2005). The district court did not reach any final judgment as to the exemption, instead dismissing New Prime’s motion to compel arbitration without prejudice and allowing for discovery on Oliveira’s employment status. Oliveira v. New Prime, Inc., 141 F.Supp.3d 125, 135 (D. Mass. 2015). As there has been no final judgment in the district court, I hesitate to resolve an issue that is not necessary to the disposition of this appeal. See Doe v. Cape Elizabeth Sch. Dist., 832 F.3d 69, 86 (1st Cir. 2016) (declining to address unnecessary issue and deeming it prudent to allow district court to make determination in the first instance). And it is indeed unnecessary to determine the scope of the exemption at this time. If the case were remanded to the district court for discovery, the court might well rule that the nominally independent-contractor agreements between Oliveira and New Prime actually created an employer-employee relationship. In that circumstance, neither we nor the district court would have any occasion to categorically decide whether all transportation-worker agreements purporting to create independent-contractor relationships qualify for the § 1 exemption.
I am particularly reluctant to unnecessarily resolve an issue on an interlocutory appeal when, as is the case here, á number of factors counsel against doing so. Most fundamentally, deciding whether “contracts of employment” includes all transportation-worker agreements presents a challenging question of statutory interpretation. The statute itself provides little guidance. Further, as the majority notes, most courts that have considered independent-contractor agreements in the § 1 context have concluded that the exemption does not apply, and no other court has engaged in the kind of detailed analysis of ordinary meaning that characterizes the majority’s opinion. We therefore have neither an example to guide and corroborate our analysis nor a contrary opinion to provide counterbalance.
Moreover, applying § 1 in this case requires venturing into the fact-bound, and notoriously precarious, field of employment-status determinations. Although the majority’s categorical rule would eliminate the need for fact-finding on status, it could also lead to the over- and under-inclusiveness concerns typical of such rules. As Justice Rutledge observed in NLRB v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170 (1944): “Few problems in the law have given greater variety of application and conflict in results than the cases arising in the borderland between what is clearly an employer-employee relationship and what is clearly one of independent entrepreneurial dealing.” Id. at 121, 64 S.Ct. 851 (subsequent history omitted). The doctrinal line separating employee from independent contractor is difficult to discern in the context of vicarious liability. See id. “It becomes more [difficult] when the field is expanded to include all of the possible applications of the distinction.” Id. We find ourselves confronted by one of those “possible applications,” making the issue before us all the more challenging. See Mandel v. Boston Phoenix, Inc., 456 F.3d 198, 206-07 (1st Cir. 2006) (vacating and remanding summary judgment order where, inter alia, there was little on-point federal or state case law and pertinent determination was fact-intensive).
Not only do we face a hard question— given that the contemporary meaning of § l’s language may differ from its meaning when adopted—but we do so without the aid of a well-developed district court record. Before the district court, the parties provided little briefing on the ordinary meaning of “contracts of employment” as *26 of 1925. Oliveira initially argued that he was an employee of New Prime. He first briefed an ordinary-meaning argument in a short supplemental surreply submitted to the district court after a hearing on the motion to compel arbitration. Oliveira cited just two sources from the time of adoption. In a subsequent supplemental surreply, New Prime declined to address the ordinary-meaning issue head-on, instead only reiterating that the matter was for the arbitrator. The district court’s order reflects this dearth of briefing. Rather than directly addressing the less-than-robust argument Oliveira raised in his supplemental brief, the court noted the extensive contrary case law and permitted discovery to resolve the case. See Oliveira, 141 F.Supp.3d at 130-31, 135. When the ordinary-meaning issue reached this court, the record accordingly provided little guidance. See United States v. Clark, 445 U.S. 23, 38, 100 S.Ct. 895, 63 L.Ed.2d 171 (1980) (Rehnquist, J., dissenting) (recognizing usefulness of lower court opinions); Cape Elizabeth Sch. Dist., 832 F.3d at 84-85 (choosing not to decide unnecessary question where parties gave “scant attention” to issue in lower court).
The briefing before this court was also less than ideal. Although Oliveira devoted significant effort to arguing that the ordinary meaning of “contracts of employment” in 1925 included contracts with independent contractors, New Prime barely addressed the matter. It did not mention the ordinary-meaning argument in its opening brief, and spent only a page on the topic in its reply brief. At oral argument, New Prime merely insisted that ordinary-meaning analysis is inappropriate in the § 1 context. Where a court has the discretion to decide an issue, it should be wary of acting without the benefit of fully developed arguments on both sides. That is especially the case when we rule against the party with the less-developed argument.
Just as we have been presented with a one-sided view of the ordinary meaning of “contracts of employment,” we have received a one-sided view of the facts. This appeal was taken early in the litigation between the parties, prior to any discovery that would have shed greater light on the facts underlying the dispute. The current factual record contains only Oliveira’s unanswered complaint and some documents attached to the parties’ motions. While the court is entitled to base its analysis on allegations in the complaint, Gove v. Career Sys. Dev. Corp., 689 F.3d 1, 2 (1st Cir. 2012), we should exercise added caution in denying affirmative relief to a defendant when our view of the facts is informed largely by the plaintiffs untested allegations.
Under these circumstances, our best option is to remand the § 1 exemption question to the district court so that discovery may proceed and the court may reach a final decision. If either party were to appeal any subsequent final decision of the district court, we would have the benefit of a better-developed factual record, more-focused briefing from both parties, and additional district court analysis. See Denmark v. Liberty Life Assur. Co. of Boston, 566 F.3d 1, 12 (1st Cir. 2009) (Lipez, J., concurring) (expressing concern over dicta in majority opinion “fashioned without the benefit of district court analysis or briefing by the parties”).
The majority has done an impressive job of marshalling the arguments in support of its interpretation of § 1. I dissent not to take issue with the court’s reasoning but merely to express my view that we would be better served in following a more cautious path.